E-FILED
Tuesday, 07 December, 2021  03:36:10 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LESLIE STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-3259 |
| V. | ) | |
| | ) | |
| OUTBACK STEAKHOUSE OF FLORIDA, | ) | |
| LLC and BLOOMIN' BRANDS, INC., | ) | Removed from the Circuit Court of Sangamon |
| | ) | County, Case No. 2021 L 000180 |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. ("Defendants"), by and through their attorneys, SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD., hereby file this Notice of Removal and removes the above titled action from the Circuit Court of Sangamon, Illinois, Law Division to the United States District Court for the Central District of Illinois, Springfield Division. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### CITIZENSHIP OF THE PARTIES

2.     On October 27, 2021, Plaintiff Leslie Stephens filed her Complaint in the Circuit Court of Sangamon County, against the Defendants, alleging that she sustained injuries as a result of an incident that occurred on February 17, 2020, at an Outback Steakhouse restaurant located in

Springfield, Illinois, that was allegedly owned, operated, managed and controlled by Defendant Outback Steakhouse of Florida. (Pl.'s Complaint Count I, ¶ 1-3, attached as **Ex. A**.)

3.     Furthermore, Plaintiff Leslie alleges that this Outback Restaurant in Springfield, Il was owned, operated, managed, and controlled by Defendant Bloomin' Brands, Inc. (Pl.'s Complaint Count II, ¶ 1-3, attached as **Ex. A**.)

4.     At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, based on information and belief, Plaintiff was a citizen of Illinois.

5.     At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, both Defendants have been and remain, citizens of Delaware and Florida. (See affidavit attached as **Ex. B**)

6.     At all relevant times, including at the time of removal, Defendants were not citizens of Illinois.

### AMOUNT IN CONTROVERSY

7.     The amount in controversy exceeds $75,000 exclusive of interest and cost.

8.     Plaintiff seeks recovery of substantial damages and claims she underwent surgery as a result of the subject incident. More specifically, Plaintiff's Complaint alleges that as a direct result of Defendants' purported negligence, she sustained serious and permanent injuries. (**Ex. A** ¶ ¶ 6 & 6 in Counts I and II) Plaintiff further alleges that, due to the negligence of the Defendants, she "has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties…" (**Ex. A** ¶ ¶ 6 & 6 in Counts I and II). Moreover, prior to filing suit, Plaintiff issued a settlement demand for $500,000.

2

9.      Where a complaint does not expressly state that the amount in controversy exceeds $75,000, removal is proper if the defendant establishes "a 'reasonable probability' that the amount in controversy exceeds $75,000." *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 742 (N.D. Ill. 2011) (quoting *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006)). A court will accept a defendant's "good-faith estimate of the stakes…if it is plausible and supported by a preponderance of the evidence." *Tile Unlimited, Inc.*, 788 F. Supp. 2d at 742 (quoting *Oshana v. Coca-Cola Co*., 472 F.3d 506, 510–11 (7th Cir. 2006)). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional minimum], the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Tile Unlimited, Inc.*, 788 F. Supp. 2d at 742–43 (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011)). In *Barrios v. Fashion Gallery, Inc.*, 2017 WL 1102755, *1 (N.D. Ill. 2017), plaintiff issued a letter demanding $75,000 to settle the lawsuit. The District Court stated that this "figure is relevant in determining the amount in controversy for jurisdictional purposes." *Id*. The District Court further explained that the settlement demand letter "demonstrate[d] that Plaintiff is seeking at least the requisite jurisdictional amount, and that is sufficient to establish diversity jurisdiction." *Id*.

10.     It is the defendant's burden "to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore*, 435 F.3d at 816. Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg*, 639 F.3d at 763.

11.     Here, the nature and extent of Plaintiff's alleged injuries cause Defendants to have a good-faith belief that Plaintiff is seeking damages in excess of $75,000, extensive of interest and

cost. *See Fultz v. Target Corp.*, 28 F. Supp. 3d 783, 785 (N.D. Ill. 2014). The allegations of the Complaint, coupled with Plaintiff's $500,000 settlement demand, clearly establish that Plaintiff is seeking recovery of substantial damages, including recover for medical bills, extensive medical treatment, pain and suffering, as well as for the cost of surgery.

12.     Due to Plaintiff's allegations regarding the extent of her injuries, Defendants have a good-faith belief that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### NOTICE OF REMOVAL IS TIMELY

13.     Defendants were served with Plaintiff's Complaint on November 8, 2021. (*See* Serv. of Process, attached as **Ex. C**)

14.     Defendants filed this Notice of Removal within thirty days of service of Plaintiff's Complaint and Summons; therefore, Defendants timely removed this matter to federal court. *See* 28 U.S.C. § 1446(b)(1).

15.     Defendants' Notice of Removal is also filed within one year of Plaintiff filing her Complaint as required by 28 U.S.C. §§ 1441 and 1446(b)(3).

### JURISDICTION

16.     Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as the Defendants. *WI Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The District Court thus has original jurisdiction pursuant to 28 U.S.C. § 1332.

### CONSENT

17.     Defendants were served with Plaintiff's Complaint on November 8, 2021, and all Defendants consent to removal to federal court. *See* 28 U.S.C. § 1446(b).

## CONCLUSION

18.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Defendants will give written notice of the removal to Plaintiff through her attorney of record, and to the Clerk of the Circuit Court of Sangamon, Illinois.

19.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the District Courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met. The United States District Court for the Central District of Illinois is the proper court to which this case should be removed, as a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, the incident occurred at an Outback Steakhouse in Sangamon County, the case was initially filed in Sangamon County and the Central District of Illinois is the proper forum.

20.     By removing this action to this Court, Defendants do not waive any defenses available to it in State or Federal Court.

21.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants, Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc. state that this Court has original jurisdiction over Plaintiff's claims and hereby removes this action from the Circuit Court of Sangamon County, Illinois.


Dated: December 7, 2021

Respectfully submitted,


By: _/s/      Chad J. Layton_____
Chad J. Layton
Roman E. Solowski
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60611
Tel: (312) 645-7800
Fax: (312) 645-7711
clayton@smsm.com
rsolowski@smsm.com
*Attorneys for Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc.*