E-FILED
Tuesday, 07 December, 2021 03:36:16 PM
Clerk, U.S. District Court, ILCD

EFILED
10/27/2021 4:43 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

STATE OF ILLINOIS )
) SS.
COUNTY OF SANGAMON )

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| LESLIE STEPHENS,<br><br>Plaintiff,<br><br>*versus*<br><br>OUTBACK STEAKHOUSE OF FLORIDA, LLC and BLOOMIN' BRANDS, INC.,<br><br>Defendant. | 2021L 000180<br><br>Court # |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **LESLIE STEPHENS**, by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C.**, and complaining of the Defendants, **OUTBACK STEAKHOUSE OF FLORIDA, LLC and BLOOMIN' BRANDS, INC.**, states as follows:

## COUNT I
(Negligence v. Outback Steakhouse of Florida, LLC)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, located at 2590 Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, owned, operated, managed, maintained and controlled the above-mentioned property and premises at all times relevant.

**Exhibit A**

3. That at all time relevant, Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

4. That notwithstanding the above stated duties, the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

   e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

   f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

   g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

   h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

5. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

**Exhibit A**

6.  That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC**, the Plaintiff, **LESLIE STEPHENS**, was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS**, by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' fees as allowed by statute.

## COUNT II
(Negligence v. Bloomin' Brands, Inc.)

1.  That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, located at 2590 Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2.  That Defendant, **BLOOMIN' BRANDS, INC.**, owned, operated, managed, maintained and controlled the above-mentioned property and premises at all times relevant.

3. That at all time relevant, Defendant, **BLOOMIN' BRANDS, INC.**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

4. That notwithstanding the above stated duties, the Defendant, **BLOOMIN' BRANDS, INC.**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

   e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

   f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

   g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

   h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

5. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

**Exhibit A**

6. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant, **BLOOMIN' BRANDS, INC.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS**, by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **BLOOMIN' BRANDS, INC.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' fees as allowed by statute.

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

/s/ James McCarron
Attorney for Plaintiff

James McCarron
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1700
Chicago, Illinois 60606
(312) 629-0099
jmccarron@malmanlaw.com
ARDC # 6309640

**Exhibit A**

EFILED
10/27/2021 4:43 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

STATE OF ILLINOIS )
) SS.
COUNTY OF SANGAMON)

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

LESLIE STEPHENS,

    Plaintiff,

versus

OUTBACK STEAKHOUSE OF FLORIDA, LLC
and BLOOMIN' BRANDS, INC.,

    Defendant.

Court #2021L 000180

## AFFIDAVIT

I, James McCarron, having come to be sworn duly under oath, hereby state and affirm as follows:

1. That I am the attorney for the plaintiff in this matter.

2. That based upon my investigation and knowledge of this case plaintiff is seeking money damages in excess of $50,000.00, further affiant sayeth not.

                                            LAW OFFICES OF STEVEN J. MALMAN
                                            & ASSOCIATES, P.C.

                                            /s/ James McCarron
                                            Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
before me this 27th day
of October, 2021.

/s/ Raquel Renteria
Notary Public

OFFICIAL SEAL
RAQUEL RENTERIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23

Exhibit A

James McCarron
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1700
Chicago, Illinois 60606
(312) 629-0099
jmccarron@malmanlaw.com
ARDC # 6309640

**Exhibit A**