IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **LESLIE STEPHENS,**<br><br>Plaintiff,<br><br>*versus*<br><br>**OUTBACK STEAKHOUSE OF FLORIDA, LLC, BLOOMIN BRANDS, INC., SERITAGE KMT FINANCE LLC, SERITAGE GROWTH PROPERTIES, L.P., JONES LANG LASALLE AMERICAS, INC., FCPT HOLDINGS, LLC, FOUR CORNERS OPERATING PARTNERSHIP, L.P., and FOUR CORNERS PROPERTY TRUST.,**<br><br>Defendants. | Court # 21-cv-3259<br><br>Removed from the Circuit Court of Sangamon County, Case No. 2021 L 000180 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, **LESLIE STEPHENS**, by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C.**, and complaining of the Defendants, **OUTBACK STEAKHOUSE OF FLORIDA, LLC, BLOOMIN BRANDS, INC., SERITAGE KMT FINANCE LLC, SERITAGE GROWTH PROPERTIES, L.P., JONES LANG LASALLE AMERICAS, INC., FCPT HOLDINGS, LLC, FOUR CORNERS OPERATING PARTNERSHIP, L.P., and FOUR CORNERS PROPERTY TRUST,** states as follows:

**COUNT I**
(Negligence v. Outback Steakhouse of Florida, LLC)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as **OUTBACK STEAKHOUSE**, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois,

1

and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

   e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

   f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the

      floors at said property and premises;

    g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

    h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **OUTBACK STEAKHOUSE OF FLORIDA, LLC.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

## COUNT II

(Negligence v. Bloomin' Brands, Inc.)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **BLOOMIN' BRANDS, INC.**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **BLOOMIN' BRANDS, INC.**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **BLOOMIN' BRANDS, INC.**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

  e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

  f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

  g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

  h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant, **BLOOMIN' BRANDS, INC.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **BLOOMIN' BRANDS, INC.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

## COUNT III
(Negligence v. Seritage KMT Finance, LLC.)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **SERITAGE KMT FINANCE, LLC, a Delaware Limited Liability Company**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **SERITAGE KMT FINANCE, LLC, a Delaware Limited Liability Company**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **SERITAGE KMT FINANCE, LLC, a Delaware Limited Liability Company**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

    d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

    e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

    f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

    g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

    h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant, **SERITAGE KMT FINANCE, LLC, a Delaware Limited Liability Company**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in

excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **SERITAGE KMT FINANCE, LLC, a Delaware Limited Liability Company**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

### COUNT IV
(Negligence v. Seritage Growth Properties, L.P.)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **SERITAGE GROWTH PROPERTIES, L.P.**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **SERITAGE GROWTH PROPERTIES, L.P.**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **SERITAGE GROWTH PROPERTIES, L.P.**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

    b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

    c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

    d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

    e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

    f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

    g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

    h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant **SERITAGE GROWTH PROPERTIES, L.P.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and

acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **SERITAGE GROWTH PROPERTIES, L.P.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

## COUNT V
(Negligence v. Jones Lang LaSalle Americas, Inc.)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **JONES LANG LASALLE AMERICAS, INC.**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **JONES LANG LASALLE AMERICAS, INC.**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **JONES LANG**

**LASALLE AMERICAS, INC.**, was guilty of one or more of the following careless and negligent acts or omissions:

    a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

    b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

    c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

    d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

    e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

    f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

    g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

    h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant **JONES LANG LASALLE AMERICAS, INC.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious

and permanent injuries.  Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **JONES LANG LASALLE AMERICAS, INC.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

## COUNT VI
(Negligence v. FCPT Holdings, LLC)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **FCPT HOLDINGS, LLC**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **FCPT HOLDINGS, LLC**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in

12

an ordinary and reasonable fashion.

    5.    That notwithstanding the above stated duties, the Defendant, **FCPT HOLDINGS, LLC**, was guilty of one or more of the following careless and negligent acts or omissions:

    i.  Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

    j.  Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

    k.  Failed to maintain necessary and proper safety standards in the operation of said property and premises;

    l.  Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

    m.  Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

    n.  Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

    o.  Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

    p.  Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

    6.    That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

    7.    That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant **FCPT HOLDINGS, LLC**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor

of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **FCPT HOLDINGS, LLC**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

### COUNT VII
(Negligence v. Four Corners Operating Partnership, L.P.)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **FOUR CORNERS OPERATING PARTNERSHIP, L.P.**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **FOUR CORNERS OPERATING PARTNERSHIP, L.P.**, was under a duty to own, operate, manage, maintain and control the

property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **FOUR CORNERS OPERATING PARTNERSHIP, L.P.**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

   e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

   f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

   g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

   h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant **FOUR CORNERS OPERATING**

**PARTNERSHIP, L.P.**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **FOUR CORNERS OPERATING PARTNERSHIP, L.P.**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

## COUNT VIII
(Negligence v. Four Corners Property Trust)

1. That on or about February 17, 2020, Plaintiff, **LESLIE STEPHENS**, was a patron and/or invitee of an establishment commonly known as OUTBACK STEAKHOUSE, located at or near 2590 Wabash Avenue, and within the 2500 block of Wabash Avenue, Springfield, Illinois, and as a patron and/or an invitee at said establishment, was lawfully and properly on and upon said premises.

2. That Defendant, **FOUR CORNERS PROPERTY TRUST**, owned, operated, managed, maintained and/or controlled the above-mentioned property and premises at all times relevant.

3. That on or about February 17, 2020, while on the aforementioned premises and

while inside of the Defendant's establishment, the Plaintiff, **LESLIE STEPHENS**, fell.

4. That at all time relevant, Defendant, **FOUR CORNERS PROPERTY TRUST**, was under a duty to own, operate, manage, maintain and control the property and premises, including the floors, in an ordinary and reasonable fashion.

5. That notwithstanding the above stated duties, the Defendant, **FOUR CORNERS PROPERTY TRUST**, was guilty of one or more of the following careless and negligent acts or omissions:

   a. Permitted and allowed said property and premises, and in particular the floors of the above property and premises, to be and remain in a hazardous and unsafe condition thereby resulting in plaintiff's injuries;

   b. Failed to properly maintain its floors, such that it allowed a condition where a wet and greasy substance remained on the floor, the grease being a hazard to patrons and/or invitees of said property and premises when the Defendant knew or should have known of the condition;

   c. Failed to maintain necessary and proper safety standards in the operation of said property and premises;

   d. Failed to inaugurate and maintain necessary and proper maintenance standards in the operation of said property and premises;

   e. Failed to inspect its floors for any dangerous and hazardous conditions at said property and premises;

   f. Failed to rope off the area and/or warn its patrons and/or invitees, including the Plaintiff, of the dangerous and hazardous condition of the floors at said property and premises;

   g. Failed to provide a safe means of ingress and egress to and from its floors for its patrons and/or invitees such as Plaintiff lawfully and properly on and upon said property and premises; and/or

   h. Caused an unreasonably dangerous condition to exist on its property by and through the acts of its agents and/or employees such that they created a wet and greasy substance and placed them on the floors of the aforementioned premises.

6. That the Defendant and/or its representatives had actual and/or constructive notice

of all of the preceding conditions.

7. That as a direct and proximate result of one or more of the above-mentioned careless and negligent acts or omissions of the Defendant **FOUR CORNERS PROPERTY TRUST**, the Plaintiff, **LESLIE STEPHENS,** was caused to and did fall due to a wet and greasy substance on the floor of the establishment, resulting in the Plaintiff sustaining serious and permanent injuries. Plaintiff has suffered and will be suffering the future great pain and discomfort, physical impairment and has been and will be kept from attending to her usual affairs and duties and has lost and will continue to lose great gains which she would have made and acquired and Plaintiff has become liable for large sums of money for medical care and will in the future become so liable.

WHEREFORE, the Plaintiff, **LESLIE STEPHENS,** by and through her attorneys, **THE LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C** seeks compensation in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for the harms caused by the Defendant, **FOUR CORNERS PROPERTY TRUST**, for Defendant's egregious conduct, to deter this Defendant from negligent acts, and to protect the public safety, and for attorneys' costs as allowed by statute.

    LAW OFFICES OF STEVEN J. MALMAN
    & ASSOCIATES, P.C.

*/s/ James McCarron*
*Attorney for Plaintiff*

James McCarron
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph Street, Suite 1700
Chicago, Illinois 60606
(312) 629-0099
JMcCarron@malmanlaw.com
ARDC# 6309640