E-FILED
Friday, 06 January, 2023  01:52:34 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **LESLIE STEPHENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 21-3259** |
| | ) |
| **OUTBACK STEAKHOUSE OF FLORIDA, LLC;** | ) |
| **BLOOMIN BRANDS, INC.; SERITAGE KMT** | ) |
| **FINANCE LLC; SERITAGE GROWTH** | ) |
| **PROPERTIES, L.P.; JONES LANG LASALLE** | ) |
| **AMERICAS, INC.; FCPT HOLDINGS, LLC;** | ) |
| **FOUR CORNERS OPERATING** | ) |
| **PARTNERSHIP, L.P.; and FOUR CORNERS** | ) |
| **PROPERTY TRUST,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Defendants Seritage KMT Finance LLC, Seritage Growth Properties, L.P., and Jones Lang LaSalle Americas, Inc. ("Defendants") have filed a Motion to Dismiss (d/e 23) Plaintiff Leslie Stephens' claims against them under Federal Rule of Civil Procedure 12(b)(6).  The Court has, after notice and opportunities to respond had been given to the parties, converted Defendants' Motion to one brought under Rule 56.  Under Illinois law,

Defendants Seritage KMT Finance LLC, Seritage Growth Properties, L.P., and Jones Lang LaSalle Americas, Inc. cannot be liable for Plaintiff's alleged injury as a matter of law.  Therefore, Defendants' Motion (d/e 23) is GRANTED.

## I.   BACKGROUND

The alleged facts are straightforward and taken from Plaintiff's Amended Complaint and the Undisputed Material Facts of Defendants' Brief in Support of Conversion to Summary Judgment. (d/e 23 & 36).

On February 17, 2020, Plaintiff was a patron of the Outback Steakhouse restaurant located on the 2500 block of Wabash Avenue in Springfield, Illinois.  Am. Compl. pp. 6–12.  While there, Plaintiff fell "due to a wet and greasy substance on the floor" of the restaurant.  Id.  According to the allegations in Counts III through V of the Complaint, Seritage KMT Finance LLC, Seritage Growth Properties, L.P., and Jones Lang LaSalle Americas, Inc. each "owned, operated, managed, maintained and/or controlled" the restaurant and failed to properly maintain or inspect the restaurant's floors and, in so failing, did not maintain necessary safety standards in operating the restaurant.  Id.  Plaintiff suffers

from pain and discomfort and cannot attend her usual affairs and duties because of her fall.  Id.  She also now has, and will have, large liabilities for medical care.  Id.

Plaintiff filed suit on October 27, 2021 in the Seventh Judicial Circuit Court of Illinois, Sangamon County, alleging negligence on the part of each Defendant.  See Notice of Removal (d/e 1-2). Defendants removed the case to this Court on December 7, 2021, id., and Plaintiff filed an Amended Complaint on February 14, 2022. Am. Compl. (d/e 13).  Defendants Seritage KMT Finance LLC, Seritage Growth Properties, L.P., and Jones Lang LaSalle Americas, Inc. then filed a joint Motion to Dismiss in which they provided declarations outside those attached to the Complaint as support for Defendants' dismissal argument.  See Mot. to Dismiss (d/e 23). Plaintiff did not respond to Defendant's Motion.  While Plaintiff noted an objection to the Motion at the Scheduling Conference held on September 29, 2022, Plaintiff has not filed a response to the Motion as of the filing of this Opinion and Order.

On December 16, 2022, the Court entered an Order informing the parties of its intention to convert, under Federal Rule of Civil Procedure 12(d), the Motion to Dismiss to a Motion for Summary

Judgment.  Text Order 12/16/2022.  Defendants filed a

Memorandum in Support of such conversion on December 30,

2022, requesting the Court enter an Order granting summary

judgment in their favor.  <u>See</u> Mem. (d/e 36).  Plaintiff has not filed a

Response to the Court's December 16 Order as of the filing of this

Opinion and Order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(d) allows federal courts to

convert a motion to dismiss into a motion for summary judgment

under Rule 56 and thereby "rule upon a pretrial motion to

adjudicate a case on the merits based on matters outside the

complaint."  <u>Intercon Sols., Inc. v. Basel Action Network</u>, 969 F.

Supp. 2d 1026, 1044 (N.D. Ill. 2013), <u>aff'd</u>, 791 F.3d 729 (7th Cir.

2015). Summary judgment is proper under Rule 56 if there is no

genuine dispute of material fact and the movant shows it is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant

bears the initial responsibility of informing the Court of the basis for

the motion and identifying the evidence the movant believes

demonstrates the absence of any genuine dispute of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The non-

movant must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Summary judgment is not warranted only if there are factual disputes as to an essential element of the case which would determine whether a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; <u>Kidwell v. Eisenhauer</u>, 679 F.3d 957, 964 (7th Cir. 2012).

### III.   ANALYSIS

In premises liability negligence cases in Illinois, such as Plaintiff's, a plaintiff must prove the defendant "possess[ed] and control[ed] the real property on which the tort occurred." <u>Godee v. Ill. Youth Soccer Ass'n</u>, 327 Ill. App. 3d 695, 699 (2d Dist. 2002). The defendant will owe no duty, and be absolved of any liability, if the defendant did not possess, control, or intend to control the land.  <u>Id.</u>

Defendants here provide affidavits, to which Plaintiff does not respond or otherwise challenge, disputing the control and possession Plaintiff alleges Defendants had over the Outback restaurant in February 2020.  Specifically, the declarations from Mr. John Stanley, Vice President and General Manager for Jones

Lang LaSalle Americas, Inc., and Mr. Eric Dineberg, Vice President for Seritage KMT Finance LLC, each establish that neither Seritage Growth Properties, L.P. nor Jones Lang LaSalle Americas, Inc. ever had any possession or control over the Outback restaurant.  Decl. of John Stanley (d/e 23-1), Ex. A; Decl. of Eric Dinenberg (d/e 23-1), Ex. B.  Moreover, Mr. Dinenberg's declaration establishes that Seritage KMT Finance LLC conveyed and assigned the lease for the Outback restaurant to FCPT Holdings, LLC on December 23, 2019, two months before the events in Plaintiff's Amended Complaint. Decl. of Eric Dinenberg (d/e 23-1), Ex. B.

Plaintiff, having failed to respond to either Defendants' Motion to Dismiss (d/e 13) the Court's Order providing notice of intent to convert, does not oppose or otherwise contest those established facts.  See Civ. LR 7.1(D)(2)(b)(6) ("A failure to respond to any numbered fact will be deemed an admission of the fact.")  On the facts established in the declarations provided by Defendants, it is clear neither Seritage KMT Finance LLC, Seritage Growth Properties, L.P., nor Jones Lang LaSalle Americas, Inc. did not possess, control, or intend to control the property on which the alleged tort in this case occurred.  Therefore, summary judgment

must be granted in favor of Defendants in the present motion, and the claims against them dismissed with prejudice.

## IV.   CONCLUSION

Defendants Seritage KMT Finance LLC, Seritage Growth Properties, L.P., nor Jones Lang LaSalle Americas, Inc. have established that they cannot be held liable for Plaintiff's allegations as a matter of law.  Accordingly, their Motion to Dismiss (d/e 23) as converted to a Motion for Summary Judgment is GRANTED, and the claims against them are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**
**ENTERED: January 6, 2023.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**